UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY ELAINE THROW, on her own
behalf and others similarly situated,

        Plaintiff,

v.

REPUBLIC ENTERPRISE
SYSTEMS, INC., a Florida Corporation,
d/b/a MAIDPRO OF TAMPA

        Defendant.
_____/

**Case Number** _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, TAMMY ELAINE THROW ("Plaintiff"), was an employee of Defendant, REPUBLIC ENTERPISE SYSTEMS, INC. d/b/a MAIDRPO OF TAMPA ("MAIDPRO" or "Defendant"), a Florida corporation, and brings this action for minimum wages, unpaid overtime wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks minimum wages under Article X, Section 24 of the Florida Constitution, unpaid wages under Chapter 448 of the Florida Statutes, and sues Defendant for workers' compensation retaliation in violation of Fla. Stat. § 440.205 (2006). Plaintiff was a maid employee and performed related activities for Defendant in, among others, Hillsborough County, Florida.

2. Defendant, MAIDPRO, is a Florida corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

3. This action is brought under the FLSA to recover from Defendant, minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs. Additionally, Plaintiff seeks minimum wages under Article X, Section 24 of the Florida Constitution and unpaid wages under Chapter 448 of the Florida Statutes. This action is intended to include each and every maid employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked in excess of forty within a work week, and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

7. During their employment with Defendant, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees, are in the possession and custody of Defendant.

## COUNT I – RECOVERY OF MINIMUM WAGES

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendant.

11. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

12. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated to her, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant, for the payment of minimum wage for all hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II – RECOVERY OF OVERTIME COMPENSATION**

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8, above.

15. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours and were not paid time and one half compensation for same.

3

16. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

17. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

18. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF MINIMUM WAGES UNDER ARTICLE X SECTION 24 OF THE FLORIDA CONSTITUTION

19. Plaintiff reincorporates and readopts all allegations within Paragraphs 1-8 above.

20. As of May 2005, Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff and all other similarly situated employees have been entitled to be paid minimum wage of $6.15 for each hour they worked during their employment with Defendant.

21. Defendant willfully failed to pay Plaintiff, and other similarly situated employees, minimum wage for one or more weeks of work contrary to Article X, Section

4

24 of the Florida Constitution.  As a result of Defendant's actions in this regard, Plaintiff, and other similarly situated employees, have not been paid the minimum wage for each hour worked during her employment with Defendant.

22.  As a result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

23.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff and those similarly situated to her, demand judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action.

## COUNT IV – RECOVERY OF UNPAID WAGES UNDER CHAPTER 448, FLORIDA STATUTES

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

25.  Plaintiff, and other similarly situated employees, worked numerous hours for Defendant and did not receive any compensation, whatsoever.  Defendant, therefore, wrongfully deprived Plaintiff, and other similarly situated employees, of wages to which they have been lawfully entitled.

26.  Plaintiff, and other similarly situated employees, have been damaged as a result of Defendants' failure to pay them the agreed upon wages to which they have been entitled.

27.  Pursuant to Fla. Stat. § 448.08, Plaintiff, and other similarly situated employees, are entitled to the costs of this action and a reasonable attorneys' fee.

WHEREFORE, Plaintiff and other similarly situated employees demand judgment against Defendant for the unpaid wages found to be due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

**COUNT V – WORKERS' COMPENSATION RETALIATION IN VIOLATION OF FLORIDA STATUTES SECTION 440.205**

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8, above.

29. At all times material hereto, MAIDPRO was an employer with over four (4) employees and was therefore required to carry workers' compensation insurance pursuant to Florida Statutes Chapter 440.

30. On or about March 24, 2006, Plaintiff injured herself in the course and scope of her employment with Defendant.

31. The Plaintiff's injury was covered by workers' compensation.

32. Plaintiff duly notified her employer of the workers' compensation accident and requested assistance.

33. Defendant denied having workers' compensation insurance.

34. Defendant terminated Plaintiff shortly after her request for workers' compensation assistance.

35. Plaintiff faithfully, honestly, and conscientiously performed all of the duties required by Defendant, or by Defendant's agents, employees, and servants.

36. On or about March 27, 2006, MAIDPRO willfully discharged Plaintiff without just cause or excuse, and in retaliation for Plaintiff's request for workers' compensation benefits.

37. At all times material to this cause of action, Plaintiff has been ready, willing and able to perform the duties of her employment.

38. As a direct and proximate result of Defendant's extreme, outrageous, and unlawful retaliatory conduct described above, Plaintiff has suffered economic and emotional distress,

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, an equal amount of liquidated damages, attorneys' fees, reinstatement of employment, and any and all further relief that this Court determines to be just and appropriate.

DATED this 18th day of April 2006.

**s/ Bernard R. Mazaheri**
Bernard R. Mazaheri
FL Bar Number 643971
W. John Gadd
FL Bar Number 463061
MAZAHERI GADD P.A.
4525 140th Ave. N, Ste. 912
Clearwater, FL 33762
Tel – (727)524-6300
Fax – (727)524-6330
Email – brmazahe@yahoo.com
 wjohngaddesq@yahoo.com