## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**TAMMY ELAINE THROW,**

      **Plaintiff,**

**v.**                                 **Case No.  8:06-cv-724-T-30TBM**

**REPUBLIC ENTERPRISE SYSTEMS,**
**INC.,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #7), and Plaintiff's Response to Defendant's Motion to Dismiss Counts III and IV and Supporting Memorandum of Law (Dkt. #12).  The Court, having considered the motion, response, pleadings, memoranda, and being otherwise advised in the premises, finds that Defendant's motion should be granted in part and denied in part.

### Motion to Dismiss Standard Under 12(b)(6).

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual

allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion.

## I.   Count III - Recovery of Minimum Wages Under Section 24, Article X of the Florida Constitution.

In Count III of Plaintiff's Complaint, Plaintiff alleges a cause of action under Section 24, Article X of the Florida Constitution. Defendant seeks to dismiss Count III based on Plaintiff's failure to meet the notice and pleading requirements found in Fla. Stat. §448.10. In opposition, Plaintiff argues that parties are free to bring an action under Section 24 despite the enactment of Fla. Stat. §448.10.

On November 2, 2004, Florida citizens passed Amendment 5 on the ballot during the general election.[1]  The amendment became Section 24, Article X of the Florida Constitution and contained seven distinct provisions.  Only two of the seven provisions are pertinent to this discussion, specifically: subsection (e) authorizes employees to bring a civil action to enforce the provisions of Section 24[2], and subsection (f) provides that implementing legislation is not required to enforce the constitutional provision[3].

On December 12, 2005, Section 448.10 of the Florida Statutes was enacted by the Legislature in order to implement the provision of Section 24, Article X.  Section 448.10 replicates the provisions of Section 24 and adds additional provisions.  Pertinent to this discussion, §448.10(6)(a) authorizes a civil action to be brought by an aggrieved person against an employer for violations of this act.  However, prior to bringing suit, §448.10(6)(a) requires potential plaintiffs to notify their employers in writing of their intent to file suit, and include the following information in the notice: the minimum wage to which the employee is entitled; the actual or estimated work dates and hours for which payment is sought; and the total amount of alleged unpaid wages through the date of notice.  Accordingly, when

---

[1] See FL Staff An., S.B. 18, December 6, 2005.

[2] Subsection (e) also allows actions under Section 24 to be brought as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure.

[3] However, subsection (f) does permit the Legislature to create statutes to "establish additional remedies or fines for violation of this amendment, raise the applicable Minimum Wage rate, reduce the tip credit, or extend coverage of the Minimum Wage to employers or employees not covered by this amendment."  Additionally, subsection (f) provides that the state Legislature "may by regulation adopt any measures appropriate for the implementation of this amendment."

comparing the provisions of Section 24, to those of §448.10(6)(a), it is apparent that §448.10(6)(a) creates and imposes an additional requirement beyond that required under Section 24, to wit: a potential plaintiff must provide written notice to an employer prior to bringing suit under the Florida Minimum Wage Act.

The Court has reviewed Section 24, Article X of the Florida Constitution and Section 448.10 of the Florida Statutes. It is a close question, but the Court concludes that Section 24, subsection (e), creates a constitutional right entitling all persons aggrieved by a violation of Section 24 to bring a civil action in a court of competent jurisdiction. Further, Section 24, subsection (f) specifically states, in pertinent part, "[i]mplementing legislation is not required in order to enforce this amendment." Thus, Section 24 creates a constitutional right directly enforceable in a court of law by an aggrieved party with no requirement that notice be given.

The Constitution of Florida provides within itself the only methods for its amendment or revision. Thomas v. State ex rel. Cobb, 58 So. 2d 173 (Fla. 1952). Thus, the Constitution cannot be modified, amended or repealed by legislative enactments, executive usurpation, or judicial interpretation, except by amendment. Sparkman v. State ex rel. Scott, 58 So.2d 432, 432 (Fla. 1952). "In determining whether a challenged statute is violative of constitutional provisions, the rule is that '[T]he constitutionality of a statute should be determined by its practical operation and effect'." Gray v. Central Florida Lumber Co., 141 So. 604 (Fla. 1932).

Through the enactment of Fla Stat. §448.10, the Legislature attempts to add a requirement that must be fulfilled before an aggrieved party may exercise a right previously granted by the Constitution.  This they cannot do.

For this reason, the Court concludes that it is not necessary for Plaintiff to fulfill the notice requirements found in §448.10(6)(a) in order to allege a violation of Section 24, Article X of the Florida Constitution.  Accordingly, Defendant's motion to dismiss Count III of the Complaint must be denied.

## II.    Count IV - Recovery of Unpaid Wages Under Chapter 448, Florida Statutes.

In Count IV of Plaintiff's Complaint, Plaintiff alleges a cause of action for recovery of unpaid wages under Chapter 448, Florida Statutes.  Since Plaintiff seeks relief under Chapter 448, Plaintiff must also fulfill the conditions precedent of bringing such an action. Specifically, Plaintiff must notify the employer alleged to have violated Chapter 448, in writing, of an intent to initiate such an action.  "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of notice."[4]

Section 448.10(6)(b) provides that the employer will have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved.  "If the employer fails to pay the total amount of

---

[4] §448.10(6)(a).

unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms which must be consistent with the contents of the notice."[5]

In the Complaint, Plaintiff has not alleged that the written notice requirement under §448.10(6) has been fulfilled, nor has Plaintiff alleged basic details regarding her actual or estimated work dates and hours for which payment is sought, or the total amount of alleged unpaid wages for which Plaintiff is entitled.  Thus, Plaintiff has failed to fulfill a condition precedent to maintaining a cause of action under Chapter 448 of the Florida Statutes. Accordingly, the Court concludes that Defendant's motion to dismiss Count IV of Plaintiff's Complaint for failure to state a cause of action should be granted without prejudice.

## III.     Class Action vs. Collective Action.

In Counts II, III, and IV of the Complaint, Plaintiff alleges that these actions are being brought on behalf of Plaintiff and "other similarly situated employees".  Defendant argues that in Counts III and IV Plaintiff fails to meet Florida's requirements for maintaining a class action as set forth in Rule 1.220 of the Florida Rules of Civil Procedure.  Both Section 24, subsection (e) and Section 448.110(9), require that class actions be brought pursuant to Rule 1.220.  Upon a review of Plaintiff's Complaint, it is apparent that Plaintiff fails to meet the prerequisites and pleading requirements as set forth in Rule 1.220.  Accordingly, to the extent

---

[5] §448.10(6)(b).

Plaintiff seeks to pursue a class action under Counts III and IV, such action must be dismissed.

In Plaintiff's Response to Defendant's Motion to Dismiss Counts III and IV and Supporting Memorandum of Law, in Paragraph 6 Plaintiff asserts, in pertinent part:

> Plaintiff has not sought class action status in this matter as Plaintiff is not currently of the opinion that joinder is impracticable. Further, the federal count specifically provides for "collective actions" as opposed to "class actions" pursuant to 29 U.S.C. 216(b). In all likelihood, should additional plaintiffs join this action it almost will certainly be as a collective action as opposed to a Rule 23 class action.

However, neither Section 24, nor Chapter 448, allow plaintiff to bring a collective action. Rather, such state law remedies provide only for class actions under Rule 1.220 of the Florida Rules of Civil Procedure. Accordingly, to the extent Plaintiff seeks to bring a collective action under Counts III and IV of the Complaint, such action is dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #7) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.      Count IV of Plaintiff's Complaint is dismissed without prejudice. To the extent Plaintiff seeks to bring a collective action under Count III, such action is dismissed.

3.      Defendant shall file an answer to Count III of Plaintiff's Complaint within ten (10) days of the date of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-724.dismiss III and IV.wpd