UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY ELAINE THROW, on her own
behalf and others similarly situated,

    Plaintiff,

v.                                  CASE NO. 8:06-cv-724-T30-TBM

REPUBLIC ENTERPRISE SYSTEMS,
INC., a Florida corporation d/b/a
MAIDPRO OF TAMPA,

    Defendant.
_____/

## MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE WITH MEMORANDUM OF LAW

Defendant, REPUBLIC ENTERPRISE SYSTEMS, INC., a Florida corporation, d/b/a MAIDPRO OF TAMPA ("Maidpro"), by and through the undersigned counsel, moves for sanctions against Plaintiff and her attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure and in support of same, states as follows

### Background

Plaintiff, TAMMY ELAINE THROW ("Throw") on her own behalf and on behalf of those similarly situated, filed a five (5) Count Complaint at Law. Count I seeks recovery of minimum wages under the Fair Labor Standards Act (FLSA). Count II seeks recovery of overtime compensation under the FLSA. Count III seeks recovery of minimum wages under Article X, Section 24 of the Florida Constitution which has been codified in Chapter 448 as The Florida Minimum Wage Act. Count IV seeks unpaid wages under §448.08. Count V seeks damages for alleged retaliation under Florida's worker's compensation statute. Counts I and II are brought as collective actions under

the FLSA and Counts III and IV are brought as class actions. Count V is brought individually. Defendant answered Counts I, II and V and moved to dismiss Counts III and IV[1]. Counts I through IV are based on allegations that Plaintiff Throw worked more than 40 hours in a work week and was not paid overtime rates for hours worked over 40 and that she did not receive minimum wages for all hours worked. However, as Defendant advised Plaintiff, the factual allegations that Plaintiff worked overtime or that because of the number of hours worked, she was paid less than the federal minimum wage or state minimum wage are baseless. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant served a letter and this motion on counsel for Plaintiff requesting that it dismiss Counts I through IV as the factual allegations had not been investigated as required by Rule 11 of the Federal Rules of Evidence. Counsel was further informed that there is no evidence to support Plaintiff's claims. Because Counts I, II, III and IV of the Complaint are not well grounded in fact, Defendant requested that Plaintiff voluntarily dismiss those counts. Plaintiff refuses to do so. As Plaintiff has failed to voluntarily dismiss Counts I through IV, Defendant requests that this Court determine that there is no factual basis for the allegations made by Plaintiff and pursuant to Rule 11 of the Federal Rules of Civil Procedure award Defendant its reasonable attorneys' fees and costs for defending this action and bringing this Motion.

**Memorandum of Law**

---

[1] On June 30, 2006, this Court dismissed Count IV of Plaintiff's Complaint and to the extent that Plaintiff intended to allege a class or collective action in Count III, that aspect of Count III was dismissed. Because Rule 11 of the Federal Rules of Civil Procedure requires that this Motion be served on Plaintiff's counsel 21 days prior to filing it with the Court, this Motion refers to Count IV. However, it has been dismissed.

Rule 11 of the Federal Rules of Civil Procedure imparts a standard on all attorneys that the pleadings they file are well grounded in fact and law. Rule 11 states in pertinent part:

> **(b) Representations to Court.** By representing to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstance,
>
> ...
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) *How Initiated.*
>
> (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

In this case, Counts I through IV have no factual basis. Plaintiff worked for Defendant from February 19, 2004 through February 25, 2004 and again from December 21, 2005 through March 24, 2006. (See affidavit of Westlake attached as Exhibit "1" at par. 4). During her employment with Defendant, Plaintiff worked between 8 and 32.25 hours per work. (See affidavit of Westlake attached as Exhibit "1" at par. 5). The average number of hours worked per week by Plaintiff was 23.26. The hours worked were as follows:

| Week | Total Hours Worked |
| --- | --- |
| 2/5/04-2/21/04 | 8.75 |
| 2/22/904-2/28/04 | 8.00 |
| 12/18/05-12/24/05 | 15.25 |
| 12/25/05-12/31/05 | 28.25 |
| 1/1/06-1/7/06 | 24.25 |
| 1/8/06-1/14/06 | 24.75 |
| 1/15/06-1/21/06 | 28.00 |
| 1/22/06-1/28/06 | 31.25 |
| 1/29/06-2/4/06 | 15.75 |
| 2/5/06-2/11/06 | 24.25 |
| 2/12/06-2/17/06 | 31.25 |
| 2/18/06-2/25/06 | 35.00 |
| 2/26/06-3/4/06 | 23.25 |
| 3/5/06-3/11/06 | 20.75 |
| 3/19/06-3/24/06 | 32.25 |

(See affidavit of Westlake attached as Exhibit "1" at par.6)

In February 2004 when Plaintiff worked for Defendant she effectively earned $8.00 per hour (See affidavit of Westlake attached as Exhibit "1" at par. 7). When Plaintiff returned to Defendant in 2005, she effectively earned $8.50 per hour until March 21, 2006 when she received a raise to an effective rate of $9.50 per hour. (See affidavit of Westlake attached as Exhibit "1" at par. 8). Throw was paid for all hours worked by Maidpro. (See affidavit of Westlake attached as Exhibit "1" at par. 9). Thus, contrary to the allegations in her Complaint, Plaintiff has not worked more than 40 hours in a work

week which would entitle her to be paid time and one half her effective hourly rate as she claims under the Fair Labor Standards Act. Thus, there is no evidence to support Plaintiff's contentions in Count II which has been pled by Plaintiff without a reasonable factual basis.

Count I alleges that Plaintiff did not receive the federal minimum wage of $5.15 per hour for all hours worked and Count III alleges that Plaintiff did not receive the state minimum wage of $6.15 for all hours worked. First, Florida's state minimum wage of $6.15 per hour did not go into effect until May 2, 2005 and thus, it only covers her second tenure of employment with Defendant. Second, Defendant's payroll records show that Plaintiff was paid well above both the federal and state minimum wage. Again, the allegations that Plaintiff did not earn the federal and state minimum wage for hours worked are baseless and it is inconceivable that Plaintiff would have worked 50% more hours than she reported to bring her effective hourly rate below the federal and state minimum wage. Thus, there is no evidentiary support for Plaintiff's allegations in Counts I and III and they have been pled without any reasonable factual basis.

Count IV generically pleads that Plaintiff is entitled to recover her attorneys' fees and costs for filing a lawsuit for failing to receive wages. As stated above, Plaintiff has received all wages to which she is entitled; she did not work more than 40 hours in a work week; and was paid above the federal and state minimum wage. Therefore, there is no factual basis or evidentiary support for the allegations in Count IV and Count IV has been pled without any reasonable factual basis.

Plaintiff clams to be filing Counts I, II, III and IV of this lawsuit on her own behalf and on behalf of those similarly situated. However, because there is no factual basis for

the allegations in Counts I, II, III and IV as to Ms. Throw, and Counts I, II, III, and IV must be dismissed as to Ms. Throw, she cannot maintain these claims on behalf of those who allegedly are similarly situated. Thus, to the extent that Counts I, II, III and IV are brought on behalf of "those similarly situated", they must be dismissed as Ms. Throw is not qualified to be the representative in a collective action or class action as her claims cannot be maintained.

## Conclusion

Counts I, II, III, and IV of Plaintiff's Complaint are meritless. They are brought without any factual support and no evidence to support these claims will be uncovered during discovery. Moreover, Plaintiff Throw cannot serve as the representative in a class action or collective action unless she meets the statutory criteria herself. Because Counts I, II, III and IV have no evidentiary basis, not only must they be dismissed on behalf of Ms. Throw and all others similarly situated, but Defendant is entitled to monetary sanctions in the form of its attorneys' fees and costs incurred in defending those frivolous counts of the Complaint. Defendant requests that the sanctions be allocated equally between Plaintiff and her attorney as provided in Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE for the reasons sets forth herein, Defendant requests that this Court dismiss Counts I, II, III and IV[2] in their entirety as to Plaintiff Throw and all similarly situated individuals, and sanction Ms. Throw and her attorney for filing frivolous causes of action in the amount of attorneys' fees and costs incurred by Defendant in defending those counts.

---

[2] Since the original service of this Motion on Plaintiff's counsel on June 8, 2006 as required by the Federal Rules of Evidence, on June 30, 2006, this Court dismissed Count IV of Plaintiff's Complaint.

6

Respectfully,

/s  Colleen M. Flynn
Joan M. Vecchioli
FBN 0614394
Colleen M. Flynn
FBN 190470
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, L.L.P.
911 Chestnut Street
Clearwater, FL 33756-5643
Telephone:  (727) 461-1818
Telefax:  (727) 441-8617

Counsel for Defendant

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Defendant certifies that she consulted with counsel for Plaintiff who does not agree to the relief sought in this Motion.  Counsel for Defendant further certifies that she served this motion via facsimile and regular mail on counsel for Plaintiff 21 days prior to filing this Motion with the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been served via electronic filing CM/ECF on Bernard R. Mazaheri and W. John Gadd, Mazaheri Gadd P.A., 4535 140th Avenue North, Suite 912, Clearwater, FL  33762 on the 6 day of July, 2006, after being served by regular mail and facsimile on June 8, 2006.

/s  Colleen M. Flynn

Joan M. Vecchioli
FBN 0614394
Colleen M. Flynn
FBN 190470
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, L.L.P.
911 Chestnut Street

Clearwater, FL 33756-5643
Telephone: (727) 461-1818
Telefax: (727) 441-8617

Counsel for Defendant

375902

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY ELAINE THROW, on her own
behalf and others similarly situated,

    Plaintiff,

v.                                     CASE NO. 8:06-cv-724-T30-TBM

REPUBLIC ENTERPRISE SYSTEMS,
INC., a Florida corporation d/b/a
MAIDPRO OF TAMPA,

    Defendant.
_____/

### Affidavit of Candace Westlake

STATE OF FLORIDA          )
                                         )
COUNTY OF HILLSBOROUGH   )

    BEFORE ME, the undersigned authority, personally appeared Candace Westlake, who being by me first duly sworn, upon oath, affirms as follows.

    I, Candace Westlake, being duly sworn, do hereby depose and state and affirm as follows.

    1.    I am over the age of eighteen (18) years and I have personal knowledge of the facts asserted herein and am competent to testify to those facts.

    2.    I am the President of Republic Enterprise Systems, Inc., d/b/a Maidpro of Tampa ("Maidpro").

    3.    I have reviewed the corporate books and payroll records pertaining to Tammy Elaine Throw ("Throw").



4.  Throw worked for Maidpro from February 19, 2004 through February 25, 2004 and again from December 21, 2005 through March 24, 2006.

5.  During her employment with Maidpro, Throw worked between 8 and 32.25 hours per work.

6.  The weeks worked by Throw and the total number of hours she worked in each of those weeks are as follows:

| Week | Total Hours Worked |
| --- | --- |
| 2/5/04-2/21/04 | 8.75 |
| 2/22/904-2/28/04 | 8.00 |
| 12/18/05-12/24/05 | 15.25 |
| 12/25/05-12/31/05 | 28.25 |
| 1/1/06-1/7/06 | 24.25 |
| 1/8/06-1/14/06 | 24.75 |
| 1/15/06-1/21/06 | 28.00 |
| 1/22/06-1/28/06 | 31.25 |
| 1/29/06-2/4/06 | 15.75 |
| 2/5/06-2/11/06 | 24.25 |
| 2/12/06-2/17/06 | 31.25 |
| 2/18/06-2/25/06 | 35.00 |
| 2/26/06-3/4/06 | 23.25 |
| 3/5/06-3/11/06 | 20.75 |
| 3/19/06-3/24/06 | 32.25 |

7.  In February 2004 when Throw worked for Maidpro for two (2) work weeks, she effectively earned $8.00 per hour.

8.  When Throw became re-employed by Maidpro on December 21, 2005, she effectively earned $8.50 per hour until March 21, 2006, when she received a raise to an effective rate of $9.50 per hour.

9.  Throw was paid for all hours worked by Maidpro.

2

FURTHER AFFIANT SAYETH NAUGHT.

_____
Candace Westlake

STATE OF FLORIDA      )
                      )
COUNTY OF HILLSBOROUGH )

The foregoing instrument was subscribed and sworn to before me this 7th day of June, 2006, by Candace Westlake who [is personally known to me] [has produced Drivers License as identification], and who did take an oath.

_____
Notary Public
Print Name: Dana L. Cutlip
Commission #: DD390375
My Commission Expires: 1/27/2009

Notary Public State of Florida
Dana L Cutlip
My Commission DD390375
Expires 01/27/2009

376101

3